IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARIO SERNA,**

        Petitioner,

                                    CIVIL ACTION
    **vs.**                                No. 12-3111-RDR

**ERIC C. BELCHER,**

        Respondent.


**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, proceeds pro se and submitted the filing fee.

    Petitioner was convicted pursuant to guilty pleas of sodomy with a child under 12 and indecent acts with a child in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934. *U.S. v. Serna*, 2011 WL 1680746 (N.M.Ct.Crim.App. 2011). He pursued an appeal on a factual question concerning the age of the victim at the time of the offense. The military appellate court substituted words in the finding of guilty to reflect that the child victim had attained the age of 12 but was under the age of 16 and affirmed

the sentence. *Id*.

Petitioner's amended petition in this matter presents five claims, namely (1) he was not mentally competent at the time he was interrogated and during court proceedings; (2) his rights under the Fifth Amendment was violated when he was ordered to cooperate with the interrogation and when the interviewing agent read his rights to him at a rapid speed; (3) the indictment was false, the victim committed perjury, and petitioner was denied expert assistance; (4) petitioner was denied due process by the prejudice of the Navy Western Judicial Circuit, which denied every motion presented by petitioner's counsel at the pre-trial hearing; and (5) petitioner was not advised of possible immigration consequences during pre-trial negotiations.

## Discussion

As a general rule, habeas corpus actions brought by military prisoners are subject to an exhaustion requirement, and such actions should not be considered by the federal civilian courts until the petitioner has presented the claims for relief through all available military court remedies. *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975). Thus, a federal court "will not review petitioners' claims on the merits if they were not raised at all in the military courts." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)(citing *McKinney v. Warden*, 272

F.2d 643, 644 (10th Cir. 1959), *cert. denied*, 353 U.S. 816 (1960) and *Suttles v. Davis*, 215 F.2d 760, 763 (10th Cir. 1954)).

    Here, it does not appear petitioner properly exhausted any of the claims he now raises by presenting them to the military courts. Accordingly, the court concludes this matter should be dismissed without prejudice to allow the petitioner to pursue available military remedies. Because this dismissal is without prejudice, he may return to this court upon proper exhaustion.

    IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

    IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied as moot.

    A copy of this order shall be transmitted to the petitioner.

    **IT IS SO ORDERED.**

    Dated at Topeka, Kansas, this 13th day of September, 2012.

                                S/ Richard D. Rogers
                                RICHARD D. ROGERS
                                United States Senior District Judge